UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY ASHFORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 13-CV-3295 |
| CHARLOTTA MORRIS, et al. | ) ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se from his detention in the Rushville Treatment and Detention Center, pursues claims arising from alleged restrictions on his property and interference with his mail.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

1

state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that the detention facility's policy used to allow two boxes of items to be mailed to him each year, each box allowed to measure 2 ½ cubic feet.  However, the policy has been changed, reducing the size of the boxes to 1 ½ cubic feet.  Additionally, Plaintiff's video game "Red Dead Redemption" and Plaintiff's radio have been confiscated, even though Plaintiff was previously allowed to have those items.  Also, Defendant Charlotta Morris sent back a "walkman" mailed to Plaintiff in retaliation for Plaintiff's complaints

2

about the property restrictions.  Plaintiff also seeks an end to an alleged rule prohibiting black residents from having pinto beans.

Plaintiff states an arguable claim against Defendant Morris for retaliating against Plaintiff for Plaintiff's First Amendment right to complain about the property restrictions and the handling of his property.  Also, the Court cannot rule out a First Amendment or due process claim arising from the restrictions on Plaintiff's property.  Those restrictions are likely supported by legitimate logistical, space, security, and/or treatment concerns, but such a determination would be premature.  Plaintiff request to allow black residents to have pinto beans arguably states an equal protection claim.

These claims will proceed against the Defendants with personal responsibility for the alleged property restrictions: Defendants Biermann, Morris, and Atkinson.  No plausible claim is stated against Sandra Simpson, the grievance officer.  Plaintiff has no constitutional right to a grievance procedure.  Defendant Simpson's alleged failure to properly handle his grievances therefore does not state a claim.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430  (7th Cir. 1996)("a state's inmate grievance procedures do not

give rise to a liberty interest protected by the Due Process Clause."); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). Pursuant to a review of the Complaint, the Court finds that Plaintiff states a federal constitutional claims arising from the restrictions on his property, retaliation for exercising his First Amendment rights, and an alleged refusal to allow black residents to possess pinto beans. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendant Simpson is dismissed.

3. Plaintiff's motion requesting the status of the case is denied as moot (d/e 4).

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an order scheduling deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.   Defendants shall file an answer within 60 days of the day the waiver of service is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: **1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED: 10/22/2013

FOR THE COURT:

                                                              s/ Sue E. Myerscough

                                                              SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE